UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN RICHARDSON,<br><br>        Plaintiff,<br><br>  v.<br><br>THE CITY OF FRESNO,<br><br>        Defendant. | 1:05-cv-1591-OWW-SMS<br><br>FINDINGS AND RECOMMENDATION TO DISMISS ACTION FOR PLAINTIFF'S FAILURE TO PAY THE $250.00 FILING FEE OR FILE AN APPLICATION TO PROCEED IN FORMA PAUPERIS (DOC. 5) |

    Plaintiff is proceeding pro se with an action for damages and other relief concerning alleged civil rights violations. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

    Plaintiff filed the instant action on December 12, 2005. However, Plaintiff neither paid the $250.00 filing fee nor filed an application to proceed in forma pauperis. On December 22, 2005, the Court directed Plaintiff within thirty days of service either to file an application to proceed in forma pauperis or to pay the $250.00 filing fee. The Clerk's proof of service shows that the order and a blank in forma pauperis application were mailed to Plaintiff at the address listed in the docket on

1

1  December 22, 2005. More than thirty days have passed, and
2  Plaintiff has not paid the filing fee.
3       Local Rule 11-110 provides that "...failure of counsel or of
4  a party to comply with these Local Rules or with any order of the
5  Court may be grounds for the imposition by the Court of any and
6  all sanctions...within the inherent power of the Court." District
7  courts have the inherent power to control their dockets and "in
8  the exercise of that power, they may impose sanctions including,
9  where appropriate...dismissal of a case." Thompson v. Housing
10 Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an
11 action, with prejudice, based on a party's failure to prosecute
12 an action, failure to obey a court order, or failure to comply
13 with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54
14 (9th Cir. 1995) (dismissal for noncompliance with local rule);
15 Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)
16 (dismissal for failure to comply with an order requiring
17 amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41
18 (9th Cir. 1988) (dismissal for failure to comply with local rule
19 requiring pro se plaintiffs to keep court apprised of address);
20 Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)
21 (dismissal for failure to comply with court order); Henderson v.
22 Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for
23 failure to lack of prosecution and failure to comply with local
24 rules).
25      In determining whether to dismiss an action for lack of
26 prosecution, failure to obey a court order, or failure to comply
27 with local rules, the Court must consider several factors: (1)
28 the public's interest in expeditious resolution of litigation;

(2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In this case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as the case has been pending since December 2005. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- the public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's order requiring Plaintiff to pay the filing fee expressly stated that a failure of Plaintiff to pay the filing or submit an application within thirty days would be considered to be a failure to comply with an order of the Court pursuant to Local Rule 11-110, and the action might be dismissed. Thus, Plaintiff received adequate warning that dismissal would result from his noncompliance with the Court's order.

Accordingly, the Court HEREBY RECOMMENDS that this action be

1  DISMISSED, without prejudice, pursuant to Local Rule 11-110 for
2  Plaintiff's failure to comply with the Court's order.
3     These findings and recommendations are submitted to the
4  United States District Judge assigned to the case, pursuant to
5  the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days
6  after being served with these findings and recommendations, any
7  party may file written objections with the court and serve a copy
8  on all parties. Such a document should be captioned "Objections
9  to Magistrate Judge's Findings and Recommendations." Any reply to
10 the objections shall be served and filed within ten days after
11 service of the objections. The parties are advised that failure
12 to file objections within the specified time may waive the right
13 to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d
14 1153 (9th Cir. 1991).

16 IT IS SO ORDERED.

17 **Dated:   January 31, 2006**              /s/ Sandra M. Snyder
   icido3                          UNITED STATES MAGISTRATE JUDGE